PLINY ARMS *et al.*, Appellants &c., *versus* AUGUSTUS LYMAN.

A judge of probate is not authorized to cause partition of the share of one heir or devisee, leaving the others tenants in common; but he may, upon the application of one, cause the whole land to be divided among all the heirs or devisees.

Whether a written application to the judge of probate is necessary as a foundation for a decree of partition, *quære.*

Where a devisee, who had conveyed part of his share, prayed that the residue might be set off to him, in severalty, and the judge of probate, without noticing the conveyance, decreed that partition be made among the devisees according to the will, the decree was held not to be erroneous on that account.

The *St.* 1817, c. 190, § 24, is not imperative on the judge of probate to divide real estate among heirs or devisees; and where the estate devised was small, and the petition of one devisee for partition was opposed by two others, who wished to hold their shares in common, this Court, as a matter of discretion, reversed a decree of the judge of probate for partition, leaving the petitioner to apply to a court of common law to have only his own share set off in severalty.

AUGUSTUS LYMAN represented to the judge of probate for the county of Franklin, that by the last will of George Arms he was entitled to nine thirty-second parts of a tract of land described in the will ; and that it was agreed among the devisees, that Pliny Arms should have a portion of this land, and in consequence he conveyed to P. Arms two of his nine parts ; and he prayed that a committee might be appointed to set off to him in severalty his remaining seven parts.  The judge decreed that a division of the land should be made among the devisees, according to the will, and appointed a committee to make the division.

From this decree Solomon Williams and Pliny Arms, being interested in the estate of the testator, appealed for the following reasons : —

1. Because the judge of probate had no jurisdiction of the subject matter of the petition ; —

2. Because the decree is not in pursuance of the prayer of the petition , —

3. Because neither the names nor the proportions of the devisees, except the appellee, are stated in the petition ; —

4. Because although by the petition it appears that Pliny Arms is interested in the estate, and although the decree is

for a division of the whole of the estate, yet no provision is made for setting off to him his share ; — and

5. Because the estate will be more valuable if held in common, than if it is divided.

The cause was argued in writing by *Wells*, for the appel lants, and *Billings* and *Clark*, for the appellee.

The counsel for the appellants stated that the land in ques-t on was a lot fronting on Deerfield street a little more than ten rods, and extending so far back as to contain about five acres and a half; that it was devised to A. Lyman, J. L. Arms and D. Smith, nine thirty-second parts each, and to S. Williams five thirty-second parts ; and that each devisee had conveyed an undivided portion of his share to Pliny Arms.

The opinion of the Court was drawn up by

PARKER C. J.  By *St.* 1817, *c.* 190, § 24, authority is given to the judge of probate, to divide the real estate of a deceased person by the intervention of commissioners, among the heirs or devisees, pursuant to the will or to the laws regulating the descent and distribution of intestate estates.[1] And he may assign the whole to one, if it cannot be divided without spoiling it.[2]

This statute gives no power to the judge to cause par tition of the share claimed by one heir or devisee, leaving the others tenants in common of the residue.  If such a partition is wanted, application must be made to the courts of law, as heretofore provided.[3]

That the judge may in his discretion cause the whole to be divided among all the heirs or devisees, upon the applica-tion of one, we have no doubt.[4]  And we think it questiona-ble whether any petition or written application is necessary to found his order of partition upon ; but of this we give no opinion.

---

[1] See Revised Stat. *c.* 103, § 50, *et seq.*
[2] See Revised Stat. *c.* 103, § 57.
[3] Under the Revised Statutes the probate court may permit two or more of those interested in the estate to hold their shares in common and undivided, if they consent so to hold them ; *c.* 103, § 56.
[4] See Revised Stat. *c.* 103, § 53.

Arms
v.
Lyman.

The objection to the decree, grounded on a variance between that and the petition, we do not think sufficient. The prayer is, that seven thirty-second parts be set off; the petitioner's share is nine thirty-second parts; and the judge ordered this latter proportion to be set off to the petitioner. There is no error in this, since, by the statute, the judge is authorized to divide notwithstanding a conveyance,[1] and he can no otherwise divide than pursuant to the will or the laws of descent. He cannot take into consideration the conveyance. The purchaser must come in under the devisee or heir and take such share as is set off to him, and if only a part of a share is sold, the purchaser will hold as tenant in common with the devisee or heir in that portion of the estate which is set off.

We think, however, as the land to be divided is but a small tract, the other persons interested may reasonably oppose a partition among them all, since it is pretty obvious that to cut it up into several strips would be injurious to the lots, while the setting off of one share, or such proportion as one heir or devisee may own, may not be at all injurious. As a matter of discretion, then, we think that this decree of the judge of probate ought not to be carried into execution, because he must of necessity cause a division among all the devisees,[2] when two at least are opposed to the partition. The petitioner may have his share set off from the rest by petition to this Court or the Court of Common Pleas; which will be much more convenient, because the others will be left as tenants in common. And the petitioner's share will then be disembarrassed of that portion which Pliny Arms may claim by virtue of his conveyance.

We think therefore the decree ought to be reversed, but without costs.

---

[1] See Revised Stat. c. 103, § 50.

[2] This is not now necessary. Revised Stat. c. 103, § 56.